(June 10, 1991)

■ Scott P. Abuso, Appellant, v Mack Trucks, Inc., et al., Defendants, and Joseph Russo et al., Respondents. (And Third-Party Actions.)—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hentel, J.), dated January 2, 1990, which granted the motion of the defendants Joseph Russo and Peter Toscano, John Toscano, and Thomas Toscano, individually, and doing business as Mr. T. Carting, for summary judgment dismissing the complaint as against them on the ground that the Workers' Compensation Law precludes recovery.

Ordered that the order is affirmed, with costs.

The plaintiff Scott P. Abuso was injured when he fell from and was hit by a garbage truck owned by the defendant Thomas Toscano, a partner in a business called Mr. T Carting. At the time of the accident, the plaintiff was the sole employee of Tee's Recycling, a recycling business formed by Mr. T Carting in order to sell the recyclable materials it collected. According to the plaintiff, the accident occurred when, in the course of collecting refuse, he touched a hot exhaust pipe and fell under the truck. After accepting Workers' Compensation benefits through Tee's Recycling, the plaintiff commenced this action, *inter alia,* against Joseph Russo, the driver of the truck and an employee of Mr. T Carting, and Thomas Toscano, John Toscano and Peter Toscano, individually, and doing business as Mr. T Carting, to recover damages for the injuries. These defendants moved for summary judgment dismissing the complaint as against them on the ground that the plaintiff was barred from such recovery by the exclusive remedy provision of the Workers' Compensation Law § 29 (6). The Supreme Court granted this motion, reasoning that a special employment relationship existed between the plaintiff and Mr. T Carting.

We agree. The evidence demonstrates the existence of a special employment relationship between the plaintiff and Mr. T Carting *(see, Thompson v Grumman Aerospace Corp.,* 166

AD2d 578; *Cameli v Pace Univ.*, 131 AD2d 419). The plaintiff worked under the direction and control of the partners of Mr. T Carting, and was assigned to assist its employee, Russo. While the question of whether a special employment relationship exists is generally one of fact *(see, Thompson v Grumman Aerospace Corp., supra; Matter of Abramson v Long Beach Mem. Hosp.,* 103 AD2d 866), the indicia of special employment in this case are so strong that, in the absence of a triable issue, the court properly determined it as a matter of law *(see, Richiusa v Kahn Lbr. & Millwork Co.,* 148 AD2d 690; *Cameli v Pace Univ., supra; Doboshinski v Fuji Bank,* 78 AD2d 537). In light of this determination, we decline to address the parties' remaining contentions *(see, Heritage v Van Patten,* 59 NY2d 1017). Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.