■ VLADIMIR KONSTANTINOVSKY et al., Respondents, v GOLDEN CHOCOLATE, INC., Doing Business as GOLDEN CHOCOLATE BAKING Co., Appellant, et al., Respondent. [620 NYS2d 74] —In an action to recover damages for personal injuries, etc., the defendant Golden Chocolate, Inc., doing business as Golden Chocolate Baking Co., appeals from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated March 1, 1993, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiffs-respondents.

The injured plaintiff, Vladimir Konstantinovsky, seeks to recover for injuries he sustained when he was hit in the head by a forklift which had been raised off the ground by a second forklift operated by the defendant Nemirovsky, an employee of the defendant Golden Chocolate, Inc. (hereinafter Golden Chocolate). Nemirovsky had borrowed the second forklift from Konstantinovsky, as he had done on past occasions, to aid in Golden Chocolate's business. When Nemirovsky returned this forklift Konstantinovsky asked him to use it to raise another forklift off the ground so that Konstantinovsky could check it

for damage it had sustained when it fell over. Golden Chocolate moved for summary judgment on the grounds that Nemirovsky was a special employee of Konstantinovsky's employer, Gold Star Trading Company, and therefore, the suit was barred by the Workers' Compensation Law, or that Nemirovsky was acting outside the scope of his employment when he lifted the forklift, and therefore, Golden Chocolate may not be held liable for his negligence. The Supreme Court denied the motion and we affirm.

The record establishes that there are, *inter alia,* issues of fact as to whether Nemirovsky was acting within the scope of his employment or whether he was a special employee of Gold Star Trading Company. Therefore, the Supreme Court acted properly in denying Golden Chocolate's motion for summary judgment *(see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Riviello v Waldron,* 47 NY2d 297; *Rothenberg v Erie Metal Stamping Co.,* 204 AD2d 249). Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.