■ DANIEL J. ROTOLI et al., Appellants, v DOMTAR, INC., et al., Defendants, and S & K TRANS., INC., et al., Respondents. [645 NYS2d 367] —Order unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order granting the motion of S & K Trans., Inc., and DeCato Brothers, Inc. (defendants), for summary judgment dismissing the complaint in this personal injury action against them based on the defense of workers' compensation. Supreme Court held as a matter of law that Daniel J. Rotoli (plaintiff) was acting as a special employee of defendants at the time of his injury.

The court properly found that defendants sustained their initial burden of establishing their entitlement to judgment as a matter of law by demonstrating that plaintiff was their special employee. The record demonstrates that Upper Valley Employee Rental Agency, Inc., plaintiff's general employer, was incorporated by the principals of defendants to provide workers to defendants and another related entity. Upper Valley has no other business or clients. Upper Valley thus serves merely as an in-house employment agency through which defendants pay salaries and provide benefits to its workforce. Plaintiff, a truck driver, reported for work and picked up his paychecks at defendants' facilities, drove tractor trailers owned by defendants, and hauled loads that defendants contracted to ship. Plaintiff's various destinations were directed by defendants, as were all of the essential and relevant details of the manner and outcome of plaintiff's services.

The court also properly found that plaintiff failed to sustain his burden in opposition to the motion by raising a triable question of fact on the issue of special employment. Although plaintiff contends that "[n]o one directed [him] in [his] everyday work," and that he "determined [his] routes, rest, meals and sleep times [himself]," that arrangement merely reflects the reality of plaintiff's duties as a truck driver and is not determinative of the issue of special employment. In any event, the contentions of plaintiff are belied by his repeated references, throughout his examination before trial and affidavit, to his being employed by defendants. The record thus establishes as a matter of law that plaintiff was a special employee of defendants (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553; *Eagen v Harlequin Books*, 229 AD2d 935 [decided herewith]; *Burdette v Niagara County Indus. Dev. Agency*, 227 AD2d 979; *Garner v Two Exch. Plaza Partners*, 215 AD2d 352; *Olsen v We'll Manage*, 214 AD2d 715, 716, *lv denied* 86 NY2d 706). (Appeal from Order of Supreme Court, Orleans County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.