■ WILLIAM EAGEN et al., Respondents, v HARLEQUIN BOOKS INCORPORATED, Appellant. [645 NYS2d 226] —Order unanimously

reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint upon the ground that the action is barred by the exclusive remedy of workers' compensation benefits. It is undisputed that William Eagen (plaintiff) reported to work each day at defendant's distribution center, punched in a time clock, and was supervised in his work by various employees of defendant. The work performed by plaintiff was for the benefit of defendant. His general employer, Carrie Allen & Associates, was not present at the work site and did not have the right to supervise or control plaintiff's work. Thus, as a matter of law, plaintiff was a special employee of defendant at the time of his accident (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553; *Lesanti v Harmac Indus.*, 175 AD2d 664). We reject the contention that defendant's motion is premature because plaintiff has not had the opportunity to conduct discovery with respect to the agreement between defendant and his employment agency, Carrie Allen. Plaintiff failed to show that the agreement was within the exclusive knowledge or control of defendant (*see*, CPLR 3212 [f]) and failed to offer an excuse for failing to obtain the document in the seven months following joinder of issue (*see, Milea v Ames Dept. Store*, 219 AD2d 798). In any event, plaintiff's speculation and surmise that the agreement might be relevant on the issue of special employment is insufficient to defeat summary judgment (*see, Gardner v Honda Motor Co.*, 214 AD2d 1024, 1025; *Smith v Fishkill Health-Related Ctr.*, 169 AD2d 309, 316, *lv denied* 78 NY2d 864). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.