■ YVONNE CAUSEWELL, Respondent, v BARNES AND NOBLE BOOKSTORES, INC., Doing Business as BARNES AND NOBLE BOOKSTORE No. 716, et al., Appellants. [657 NYS2d 87] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated September 30, 1996, which denied their motion for summary judgment dismissing the complaint on the ground that the action was barred by the Workers' Compensation Law.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The record discloses that the plaintiff was placed in the temporary employ of the defendant Barnes and Noble Bookstores, Inc., d/b/a Barnes and Noble Bookstore No. 716 (hereinafter Barnes and Noble), by a temporary employment agency. Barnes and Noble employees exclusively controlled and directed the manner, details, and ultimate result of the plaintiff's work while on the premises owned by Barnes and Noble where the accident occurred. Thus, the plaintiff was a "special employee" of Barnes and Noble as a matter of law, and the complaint should have been dismissed as barred by the Workers' Compensation Law (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553; *Olsen v We'll Manage*, 214 AD2d 715; *Garner v Two Exch. Plaza Partners*, 215 AD2d 352; *Schulze v Associated Univs.*, 212 AD2d 588; *Hoskins v MIA Assocs.*, 201 AD2d 459; *Carreras v Lawrence Aviation Indus.*, 201 AD2d 693; *Cameli v Pace Univ.*, 131 AD2d 419). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.