■ LAWRENCE FITZGERALD et al., Respondents-Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent.

[668 NYS2d 895] —In an action to recover damages for personal injuries, etc., (1) the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated August 10, 1995, as denied its cross motion for summary judgment dismissing the complaint, and (2) the plaintiffs cross-appeal from so much of the same order as denied their motion to dismiss the defendant's second affirmative defense.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The evidentiary material submitted by the parties in connection with their respective motions raises issues of fact concerning whether the plaintiff Lawrence Fitzgerald was a special employee of the defendant at the time that he was injured by the forklift operated by the defendant's employee. Under the circumstances of this case, the issue of special employment for purposes of the Workers' Compensation Law is a factual one (see, Thompson v Grumman Aerospace Corp., 78 NY2d 553; Konstantinovsky v Golden Chocolate, 210 AD2d 299; Winther v Railroad Maintenance Corp., 169 AD2d 591; Brooks v Chemical Leaman Tank Lines, 71 AD2d 405). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.