■ HARGINDER SINGH, Respondent, v METROPOLITAN CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant. SUPERB RESTORATION GROUP CORP., Third-Party Defendant. [663 NYS2d 870] —In an action to recover damages for personal injuries, the defendant Metropolitan Construction Corp. appeals from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated September 20, 1996, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Metropolitan Construction Corp. (hereinafter Metropolitan) moved for summary judgment asserting that it was either the employer or the special employer of the plaintiff, and, as such, Workers' Compensation was the plaintiff's exclusive remedy for his injuries. However, the notice of decision by the Workers' Compensation Board lists the third-party defendant, Superb Restoration Group Corp. (hereinafter Superb), as the plaintiff's employer. This notice of decision does

not preclude Metropolitan from asserting that it, not Superb, was the plaintiff's employer because there is no evidence in the record that Metropolitan had notice or an opportunity to be heard by the Workers' Compensation Board (*see, Liss v Trans Auto Sys.*, 68 NY2d 15, 21-22; *Rifkin v Dan's Supreme Supermarket*, 198 AD2d 487, 488). Nevertheless, the notice of decision and other evidence create an issue of fact as to whether Metropolitan was the plaintiff's employer. A letter was sent by Metropolitan to the plaintiff asserting that Superb rather than Metropolitan was the plaintiff's employer, and the plaintiff testified at his deposition that he had no knowledge of seeing Metropolitan's foreman, Khalid Sheikh, whom Metropolitan asserts hired and supervised the plaintiff, at the job site prior to his accident. Additionally, whether a person is categorized as a special employee generally is a question of fact (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557). Here, Metropolitan has failed to prove as a matter of law that the plaintiff was its employee or special employee (*compare, Thompson v Grumman Aerospace Corp., supra; Levine v Lee's Pontiac*, 203 AD2d 259). Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.