expired by its terms in September 1995, and it does not appear from this record that any further action in the neglect matter was taken by either the Allegany or Steuben County Department of Social Services to protect Raymond. Because there is no evidentiary support in the record for the court's order, we are constrained to reverse it and remit the matter for an immediate hearing on the custody petitions. Inasmuch as Raymond no longer resides in Steuben County, we direct Steuben County Family Court to transfer this matter to the Family Court of the county in which the child currently resides forthwith for further proceedings consistent with this Court's decision. (Appeal from Order of Steuben County Family Court, Purple, Jr., J.—Custody.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.

■ ROBERT A. PUCKETT et al., Respondents, v COUNTY OF ERIE et al., Respondents, and DONALD J. BRAASCH CONSTRUCTION, INC., Appellant. (Appeal No. 1.) [668 NYS2d 117] —Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.

■ ROBERT A. PUCKETT et al., Respondents, v COUNTY OF ERIE et al., Respondents, and DONALD J. BRAASCH CONSTRUCTION, INC., Appellant. (Appeal No. 2.) [665 NYS2d 236] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of Donald J. Braasch Construction, Inc. (defendant), for summary judgment dismissing the complaint and cross claims on the ground that Robert A. Puckett (plaintiff) was a special employee of defendant. On the record before us, plaintiff's employment status at the time of the accident cannot be determined as a matter of law (see, Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558). While plaintiff worked sporadically for defendant at the construction site pursuant to an informal agreement between his general employer and defendant, he also worked at the site for his general employer. Defendant has not shown "a clear demonstration of surrender of control by the general employer and assumption of control by the special employer" (Thompson v Grumman Aerospace Corp., supra, at 557). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.

■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE Co., Appellant, and DAVID