■ ELAINE K. KRAMER, Appellant, v NAB CONSTRUCTION CORP. et al., Respondents. [671 NYS2d 1015] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (Ain, J.), dated January 30, 1997, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against NAB Construction Corp. as barred by Workers' Compensation Law §§ 11 and 29 (6), and (2) an order of the same court, dated June 11, 1997, as upon, in effect, granting her motion denominated as one for renewal and reargument, which was, in effect, for reargument, adhered to the original determination dismissing the complaint insofar as asserted against NAB Construction Corp.

Ordered that the appeal from the order dated January 30, 1997, is dismissed, as that order was superseded by the order dated June 11, 1997, made upon reargument; and it is further,

Ordered that the order dated June 11, 1997, is reversed insofar as appealed from, upon reargument, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against NAB Construction Corp. is denied, the complaint is reinstated insofar as asserted against NAB Construction Corp., and the order dated January 30, 1997, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

It is well established that a person may be deemed to have more than one employer for purposes of the Workers' Compen-

sation Law, a general employer and a special employer (*see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557). A special employee is defined as "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp., supra,* at 557). Generally, whether a person can be categorized as a special employee is a question of fact (*see, Thompson v Grumman Aerospace Corp., supra; Levine v Lee's Pontiac,* 203 AD2d 259, 260; *Abuso v Mack Trucks,* 174 AD2d 590, 591). However, under proper circumstances it may be decided by the court as a matter of law (*see, Thompson v Grumman Aerospace Corp., supra,* at 557-558; *Levine v Lee's Pontiac, supra; Abuso v Mack Trucks, supra*). Many factors are to be considered when deciding whether such a special employment relationship exists and not one factor is decisive (*see, Thompson v Grumman Aerospace Corp., supra,* at 558). In the instant case, the record reveals that a triable issue of fact exists with respect to the plaintiff's employment status vis-à-vis the defendant NAB Construction Corp. (*see, Thompson v Grumman Aerospace Corp., supra,* at 557-558; *Puckett v County of Erie,* 244 AD2d 865). Accordingly, the Supreme Court erred in granting NAB Construction Corp. judgment as a matter of law.

In light of our determination, there is no need to address the plaintiff's remaining contention. Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.