■ WILLIAM J. MARTIN et al., Respondents, v BALDWIN UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Appellant, JOSEPH ZARZA, INC., Appellant, and JOSEPH ZARZA, Respondent. KEN-L METAL AND PANEL SYSTEMS, INC., Third-Party Defendant-Respondent. [706 NYS2d 712] —In an action to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff Baldwin Union Free School District appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County (Adams, J.), dated November 17, 1998, which, *inter alia,* denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and denied its separate motion to compel the plaintiff William J. Martin to appear for an oncological examination, and (2) the defendant Joseph Zarza, Inc., separately appeals from stated portions of the same order which, *inter alia,* denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified by (1) deleting the provision thereof denying the motion of the defendant third-party plaintiff Baldwin Union Free School District to compel the plaintiff William J. Martin to appear for an oncological examination and substituting therefor a provision granting the motion, and (2) deleting the provision thereof denying that branch of the cross motion of the defendant Joseph Zarza, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

When an employee elects to receive Workers' Compensation benefits from his general employer, a special employer is shielded from any action at law commenced by the employee (*see,* Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Abuso v Mack Trucks,* 174 AD2d 590; *Richiusa v Kahn Lbr. & Millwork Co.,* 148 AD2d 690). A special employee is defined as "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp., supra,* at 557). Principal factors in determining whether a special relationship exists include the right to control, the method of payment, the furnishing of equipment, the right to discharge, and the relative nature of the work (*see, Matter of Shoemaker v Manpower, Inc.,* 223 AD2d 787). Within this context, however, it has been said that the key to the determination is who controls and directs the manner, details, and ultimate result of the employee's work (*see, Thompson v Grumman Aerospace Corp., supra*).

Generally, whether a person can be categorized as a special employee is a question of fact (*see, e.g., Kramer v NAB Constr. Corp.,* 250 AD2d 818; *Singh v Metropolitan Constr. Corp.,* 244 AD2d 328; *Fitzgerald v New York City Tr. Auth.,* 243 AD2d 606). However, under proper circumstances, it may be decided by the court as a matter of law (*see, e.g., Thompson v Grumman Aerospace Corp., supra,* at 557-558; *Causewell v Barnes & Noble Bookstores,* 238 AD2d 536; *Rotoli v Domtar, Inc.,* 229 AD2d 934; *Eagen v Harlequin Books,* 229 AD2d 935; *Garner v Two Exch. Plaza Partners,* 215 AD2d 352; *Olsen v We'll Manage,* 214 AD2d 715; *Schulze v Associated Univs.,* 212 AD2d 588).

Under the circumstances herein, it is clear that the defendant Joseph Zarza, Inc. (hereinafter Zarza, Inc.), had the exclusive right to control and direct the manner, details, and ultimate result of the work of the plaintiff William J. Martin (hereinafter the plaintiff) on the date of the subject accident. Thus, as a matter of law, the plaintiff was a special employee of Zarza, Inc., at that time. Because the plaintiff received Workers' Compensation benefits from his general employer, the third-party defendant Ken-L Metal and Panel Systems, Inc., he is barred from maintaining an action at law against Zarza, Inc., his special employer. Accordingly, the court erroneously denied the motion of Zarza, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

In addition, while the plaintiff's diagnosis with multiple

myeloma, a rapid-spreading and often fatal form of blood cancer, is not an injury claimed to have been caused by the subject accident, by asserting that the subject accident will result in future damages, the plaintiff placed his future, particularly his life expectancy, in issue. Accordingly, under the unique circumstances of this case, the court erroneously denied the motion of the defendant Baldwin Union Free School District to compel the plaintiff to appear for an oncological examination, the purpose of which is to ascertain to a reasonable degree of medical certainty, the effect the condition will have upon his life expectancy.

The parties' remaining contentions are without merit or academic in light of our determination. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.