■ GEORGE GANNON et al., Respondents, v JWP FOREST ELECTRIC CORPORATION, Now Known as FOREST ELECTRIC CORP., Appellant. [712 NYS2d 494] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered February 24, 1997, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff George Gannon was an employee of non-party Sterling Winthrop Industries (SWI), which is located on the third floor of the building designated as 90 Park Avenue, New York, New York (the premises). Pursuant to a written agreement between SWI and defendant Forest Electric Corp., Donald Lewis, an electrician employed by defendant, performed maintenance and installation at the premises on a daily basis. In the event that Lewis went on vacation or was absent for any other reason, the agreement denominated Kurt Fischer or Perry Kruse as his replacement.

Plaintiff commenced the within action sounding in negligence in September 1995 and maintains that he was severely injured as the result of a fall over an electrical cable negligently installed by Fischer. Defendant, after issue was joined, moved for summary judgment on the grounds that Lewis and Fischer were special employees of SWI and that plaintiff's claims were, therefore, barred by section 29 (6) of the Workers' Compensation Law. The motion court denied the motion and found that issues of fact existed as to whether Lewis and Fischer were special employees of SWI. We disagree and reverse.

A special employee is described as "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553,

557; *see also, Martin v Baldwin Union Free School Dist.*, 271 AD2d 579, 580; *Rothenberg v Erie Metal Stamping Co.*, 204 AD2d 249, 250, *lv dismissed* 84 NY2d 1026). While it is true that the question of whether a person can be characterized as a special employee is generally a question of fact (*Kramer v NAB Constr. Corp.*, 250 AD2d 818; *Gonzalez v Lovett Assoc.*, 228 AD2d 342), a determination as to such employment status may be made as a matter of law under the proper circumstances (*Thompson v Grumman Aerospace Corp.*, *supra*, at 557-558; *Martin v Baldwin Union Free School Dist.*, *supra*, at 580; *Causewell v Barnes & Noble Bookstores*, 238 AD2d 536).

Although no single factor is dispositive in determining whether a special employment relationship exists, a number of factors must be weighed, including: the right to and degree of control by the purported employer over the manner, details, and ultimate result of the special employee's work; the method of payment; the right to discharge; the furnishing of equipment; and the nature and purpose of the work (*Rothenberg v Erie Metal Stamping Co.*, *supra*, at 250; *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, *lv dismissed* 88 NY2d 874). Of primary importance amongst these factors is the degree of control the alleged special employer has over the work of the employee (*Rothenberg v Erie Metal Stamping Co.*, *supra*, at 250; *Martin v Baldwin Union Free School Dist.*, *supra*, at 580; *Poppenberg v Reliable Maintenance Corp.*, 89 AD2d 791).

Finally, it is also well settled that an individual who is in the general employ of one party may be in the special employ of another notwithstanding that the general employer is responsible for the payment of his/her wages, has the power to hire and fire, has an interest in the work that is performed by the employee, maintains workers' compensation and other benefits for the employee, and provides some, if not all, of the employee's equipment (*Cameli v Pace Univ.*, 131 AD2d 419, 420; *Thompson v Grumman Aerospace Corp.*, *supra*, at 557; *Stone v Bigley Bros.*, 309 NY 132).

In this matter, there is no dispute that: Lewis, prior to the accident, had worked exclusively at SWI for a period of approximately two and one-half years; Lewis and Fischer were issued SWI photo-identification badges and electronic passkeys to the premises and maintained an office within the premises; other than receiving their wages from Forest, they never received assignments from Forest, which exercised no control over their on-the-job performance at SWI and had no involvement with the manner, means or methods by which they discharged their duties; the only supervision came from SWI

employees and, in fact, both Lewis and Fischer considered plaintiff to be one of their supervisors; and their daily assignments were received by either logging on to SWI's computer system, of which they had account numbers and passwords, or by reporting to their SWI supervisors.

In light of the foregoing, it is clear, in our view, that Lewis, and, when he filled in for Lewis, Fischer, were under the exclusive control of SWI, which entity controlled the manner, details and ultimate result of their work. Accordingly, we find that they were special employees of SWI as a matter of law. Finally, plaintiff is barred from maintaining this action, having accepted workers' compensation benefits (*see,* Workers' Compensation Law § 29 [6]; *Martin v Baldwin Union Free School Dist., supra,* at 580). Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Andrias, JJ.