◼ RICHARD HINTZE, Appellant, v BROOKHAVEN NATIONAL LABORATORY et al., Respondents. [718 NYS2d 406] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated February 9, 2000, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

When an employee elects to receive workers' compensation benefits from his general employer, a special employer is shielded from any action at law commenced by the employee (*see,* Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Martin v Baldwin Union Free School Dist.,* 271 AD2d 579). A special employee is defined as "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp., supra,* at 557). Generally, whether a person can be categorized as a special employee is a question of fact (*see, Kramer v NAB Constr. Corp.,* 250 AD2d 818; *Singh v Metropolitan Constr. Corp.,* 244 AD2d 328; *Fitzgerald v New York City Tr. Auth.,* 243 AD2d 606). However, the issue may be decided by the court as a matter of law "where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact" (*Thompson v Grumman Aerospace Corp., supra,* at 558; *Martin v Baldwin Union Free School Dist., supra; Causewell v Barnes & Noble Bookstores,* 238 AD2d 536; *Rotoli v Domtar, Inc.,* 229 AD2d 934; *Eagen v Harlequin Books,* 229 AD2d 935; *Garner v Two Exch. Plaza Partners,* 215 AD2d 352; *Olsen v We'll Manage,* 214 AD2d 715; *Schulze v Associated Univs.,* 212 AD2d 588).

In this case, the Supreme Court properly determined that, as a matter of law, the plaintiff was a special employee of the defendants. Thus, since it is undisputed that the plaintiff received workers' compensation benefits from his general employer, the defendants were entitled to summary judgment

(*see, Martin v Baldwin Union Free School Dist., supra*).
Bracken, J. P., Santucci, Altman and Florio, JJ., concur.