■ STUART STEIN, Appellant, et al., Plaintiffs, v BEAVER CONCRETE BREAKING Co., INC., Defendant and Third-Party

Plaintiff-Respondent. JAB CONSTRUCTION, INC., Third-Party Defendant-Respondent. [722 NYS2d 185] —In an action to recover damages for personal injuries, etc., the plaintiff Stuart Stein appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated May 30, 2000, as granted the motion of the defendant Beaver Concrete Breaking Co., Inc., for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that a person may be deemed to have more than one employer—a general employer and a special employer—for purposes of the Workers' Compensation Law (see, Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; Kramer v NAB Constr. Corp., 250 AD2d 818, 819). When an employee elects to receive workers' compensation benefits, both the general employer and the special employer are shielded from any action at law commenced by that employee (see, Workers' Compensation Law §§ 10, 11, 29 [6]; Hintze v Brookhaven Natl. Lab., 278 AD2d 456; Kramer v NAB Constr. Corp., supra).

The Supreme Court properly determined that, as a matter of law, Beaver Concrete Breaking Co., Inc., (hereinafter Beaver) was the general employer of the appellant on the date of the accident. Thus, since it is undisputed that the appellant received workers' compensation benefits from his special employer, JAB Construction, Inc., Beaver was entitled to summary judgment (see, Workers' Compensation Law § 29 [6]; Hintze v Brookhaven Natl. Lab., supra). Santucci, J. P., S. Miller, Schmidt and Smith, JJ., concur.