■ ELAINE K. KRAMER, Respondent, v NAB CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. SIMPSON METAL INDUSTRIES, INC., Third-Party Defendant-Appellant-Respondent. [724 NYS2d 187] —In an action to recover damages for personal injuries, the third-party defendant, Simpson Metal Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated February 22, 2000, as denied its motion pursuant to CPLR 4404 to set aside the jury verdict and for judgment in its favor dismissing the third-party complaint or, in the alternative, for a new trial, and the defendant, NAB Construction Corp., separately appeals, as limited by its brief, from so much of the same order as denied its motion pursuant to CPLR 4404 for judgment in its favor dismissing the complaint, or, in the alternative, for a new trial.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motions insofar as they were to dismiss the complaint and the third-party complaint, respectively, are granted.

The plaintiff received benefits under the Workers' Compensation Law following an injury she sustained while driving a truck owned by her employer, Simpson Metal Industries, Inc. (hereinafter Simpson). At the time of her accident, the plaintiff was working on a construction project on the Brooklyn Bridge for NAB Construction Corp. (hereinafter NAB). She commenced this action against NAB in which she alleges that NAB negligently maintained the truck.

When an employee receives Workers' Compensation benefits from his or her general employer, a special employer is shielded from an action at law commenced by the employee (*see,* Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp.,* 78 NY2d 553). On a prior appeal, we concluded that there were issues of fact as to the plaintiff's employment status vis-à-vis NAB which precluded granting NAB's pre-trial

motion to dismiss the complaint on the ground that it was barred by the exclusivity provision of the Workers' Compensation Law (*see, Kramer v NAB Constr. Corp.,* 250 AD2d 818).

Following presentation of evidence on the issue of liability, the Supreme Court determined, as a matter of law, that the plaintiff was not a special employee of NAB and denied NAB's motion to dismiss the complaint based on its Workers' Compensation Law defense. The Supreme Court adhered to this determination in denying NAB's motion pursuant to CPLR 4404.

We conclude that the evidence adduced at the trial established, as a matter of law, that the plaintiff was a special employee of NAB. A special employee is one who is transferred for a limited time to the service of another (*see, Thompson v Grumman Aerospace Corp., supra*). In determining whether a special employee relationship exists, the factors to be considered include "the right to control, the method of payment, the furnishing of equipment, the right to discharge, and the relative nature of the work * * * Within this context, however, it has been said that the key to the determination is who controls and directs the manner, details, and ultimate result of the employee's work" (*Martin v Baldwin Union Free School Dist.,* 271 AD2d 579, 580).

At the time she was injured, the plaintiff had been working on the NAB construction project for about one year. NAB was responsible for the maintenance and repair of the Simpson trucks used on the project. Simpson carried the plaintiff on its payroll, but NAB reimbursed Simpson for the plaintiff's wages. A NAB supervisor, in consultation with Simpson's union shop steward, gave the plaintiff her daily assignment based on her seniority and qualifications, and a NAB construction site supervisor gave the plaintiff further instructions. The NAB supervisor had joint authority with Simpson to fire her. This evidence established a special employee relationship as a matter of law (*see, Thompson v Grumman Corp., supra; Martin v Baldwin Union Free School Dist., supra; Jaynes v County of Chemung,* 271 AD2d 928).

Furthermore, in view of the evidence that Simpson and NAB share the same offices and have the same shareholders, and that the Workers' Compensation policy issued to NAB covers Simpson employees, immunity should be extended to NAB where the plaintiff has accepted Workers' Compensation benefits (*see, Levine v Lee's Pontiac,* 203 AD2d 259). Accordingly, NAB's motion, insofar as it was to dismiss the complaint on the ground that the plaintiff's claim was barred by the Workers' Compensation Law, should have been granted.

In view of our determination, the third-party complaint against Simpson seeking, *inter alia,* indemnification, must be dismissed.

The remaining issues raised on the appeals are academic. O'Brien, J. P., McGinity, H. Miller and Smith, JJ., concur.