■ Peter Brown, Appellant, v Bruckner Plaza Associates, Defendant, and Toys R Us Inc., Respondent. (And a Third-Party Action.) Toys "R" Us-NY, LLC, Second Third-Party Plaintiff-Respondent, v CBI Drywall Corp., Second Third-Party Defendant-Respondent. [744 NYS2d 16] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered January 15, 2002, which, insofar as appealed from, dismissed the complaint as against defendant Toys R Us upon motions for summary judgment, unanimously affirmed, without costs.

Acting as its own general contractor on a construction proj-

ect, defendant Toys R Us employed Marc Norotsky as construction supervisor, and entered into purchase orders with third-party defendant C. Bros., Inc. (C. Bros.) to provide labor "as required by job superintendent" or "for clean up as directed by site management." Toys R Us also contracted with CBI Drywall Corp. (CBI) to perform the drywall work on the project. C. Bros. and CBI shared common ownership and management. Plaintiff was injured while leveling off a dumpster pursuant to Norotsky's direction. Norotsky hired plaintiff who reported any problem he had to Norotsky. He considered Norotsky to be his supervisor, and was directed, controlled and supervised by Norotsky with respect to his cleanup work outside the building, including the specific work he was doing when he was injured. These facts establish as a matter of law that Toys R Us was plaintiff's special employer, notwithstanding that plaintiff was paid by C. Bros., and that a CBI foreman may have on occasion directed plaintiff to do some interior work. C. Bros., not CBI, was plaintiff's general employer, and the labor provided by the former and subject to Norotsky's control was distinct from the work provided by the latter. There is no showing that C. Bros. retained any authority over the work of its laborers once they were assigned to Toys R Us in accordance with the purchase orders, or that C. Bros. or CBI had any on-the-job authority over plaintiff that superseded Norotsky's authority (see, Gannon v JWP Forest Elec. Corp., 275 AD2d 231; see, Kramer v NAB Constr. Corp., 282 AD2d 714, 715, lv denied 97 NY2d 606). We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.