■ DIANE VANDERWERFF, Appellant, v VICTORIA HOME, Respondent, and OTIS ELEVATOR, INC., Appellant. [749 NYS2d 75] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 17, 2001, as granted that branch of the motion of the defendant Victoria Home, sued herein as Victoria Home, Victoria Home for the Aged, Victoria Home for the Aged British Men and Women, and Victoria Home for Retired Men and Women, which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Otis Elevator, Inc., separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion which was for judgment dismissing its cross claim.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondent.

"It is well settled that a person may be deemed to have more than one employer—a general employer and a special employer—for purposes of the Workers' Compensation Law" (*Stein v Beaver Concrete Breaking Co.,* 281 AD2d 616, citing *Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557, and *Kramer v NAB Constr. Corp.,* 250 AD2d 818, 819). Where, as here, the plaintiff received Workers' Compensation benefits from her general employer, she may not maintain an action at law against her special employer (*see* Workers' Compensation Law §§ 11, 29 [6]; *Thompson v Grumman Aerospace Corp., supra* at 560; *Hintze v Brookhaven Natl. Lab.,* 278 AD2d 456; *Martin v Baldwin Union Free School Dist.,* 271 AD2d 579).

The Supreme Court properly determined that, as a matter of law, the plaintiff was a special employee of the defendant Victoria Home, sued herein as Victoria Home, Victoria Home for the Aged, Victoria Home for the Aged British Men and Women, and Victoria Home for Retired Men and Women (hereinafter Victoria Home). The record discloses that the plaintiff was placed in the employ of Victoria Home by a nurse-staffing agency, and that while she was working at Victoria Home, where the accident occurred, the employees of Victoria Home exclusively controlled and directed the manner, details, and ultimate result of her work (*see Thompson v Grumman Aerospace Corp., supra; Martin v Baldwin Union Free School Dist.,*

*supra*; *Causewell v Barnes & Noble Bookstores,* 238 AD2d 536). The complaint and cross claim against Victoria Home therefore were properly dismissed as barred by the Workers' Compensation Law (*see Thompson v Grumman Aerospace Corp., supra; Hintze v Brookhaven Natl. Lab.,* 278 AD2d 456; *Martin v Baldwin Union Free School Dist., supra*). O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.