■ REMZI BALANCA, Plaintiff, v M. FOSCHI & SONS, INC., Defendant and Third-Party Plaintiff-Respondent. BENJAMIN ROOFING, INC., Third-Party Defendant-Appellant. [754 NYS2d 670] —In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated February 27, 2002, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that on a motion for summary judgment, the movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to

eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). "Once this showing has been made * * * the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *see Zuckerman v City of New York,* 49 NY2d 557, 562).

Here, the appellant failed to meet its evidentiary burden as the moving party and the Supreme Court properly denied its motion for summary judgment dismissing the third-party complaint. With respect to the second and third causes of action asserted in the third-party complaint, which are for indemnification and contribution, the appellant failed to establish as a matter of law that the plaintiff was its employee at the time of the accident (*see Liss v Trans Auto Sys.,* 68 NY2d 15; *Singh v Metropolitan Constr. Corp.,* 244 AD2d 328; *Rifkin v Dan's Supreme Supermarket,* 198 AD2d 487).

With respect to the first cause of action, which is to recover damages for breach of contract, the appellant failed to establish that it either did not orally agree to insure the respondent as an additional insured or did obtain an insurance policy naming the respondent as an additional insured (*see Penske Truck Leasing Co. v Home Ins. Co.,* 251 AD2d 478; *Horn Maintenance Corp. v Aetna Cas. & Sur. Co.,* 225 AD2d 443).

Additionally, contrary to the appellant's contention, if the plaintiff was indeed a self-employed individual, he would not be considered the appellant's "special employee"; rather, the plaintiff would simply be considered an independent contractor (*see Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Stone v Bigley Bros.,* 309 NY 132; *Kramer v NAB Constr. Corp.,* 282 AD2d 714). Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.