■ MANNY NIRANJAN et al., Respondents, v AIRWELD, INC., Appellant. [755 NYS2d 640] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated July 12, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Manny Niranjan (hereinafter the plaintiff) was injured in the course of his employment as a temporary worker assigned by Sigma Staffing (hereinafter Sigma) to work at a warehouse operated by the defendant, Airweld, Inc. (hereinafter Airweld). Airweld demonstrated that the work done by the plaintiff for Airweld was done under the exclusive direction and control of Airweld employees and that Airweld provided the plaintiff with the training and equipment needed to do the job. It is also clear from the plaintiff's deposition that he looked only to Airweld employees for instructions about what to do and when and how to do it. This is sufficient to establish that the plaintiff was a special employee of Airweld as a matter of law (*see Carino v Kenmare Remodeling,* 292 AD2d 555 [2002]; *Causewell v Barnes & Noble Bookstores,* 238 AD2d 536 [1997]; *Martin v Baldwin Union Free School Dist.,* 271 AD2d 579, 580 [2000]).

It is undisputed that the plaintiff received workers' compensation benefits from a policy procured by Sigma. Accordingly, Airweld's motion for summary judgment dismissing the complaint on the ground that the plaintiff is barred from maintaining an action against it pursuant to the Workers' Compensation Law should have been granted (*see* Workers' Compensation Law §§ 11, 29 [6]; *Thompson v Grumman Aerospace Corp.,* 78 NY2d 553 [1991]; *Pirrotta v EklecCo,* 292 AD2d

362 [2002]; *Carino v Kenmare Remodeling, supra*). Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.