■ LOVET BAILEY, Respondent, v MONTEFIORE MEDICAL CENTER, Appellant. [784 NYS2d 383]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated November 19, 2003, which denied its motion for summary judgment dismissing the complaint on the ground that the action is barred by the Workers' Compensation Law.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was placed in the defendant's medical facility as a nursing assistant by her general employer, Excel Staffing, which paid her salary and maintained workers' compensation coverage for her. However, the defendant unequivocally demon-

strated that during the time the plaintiff worked for it, including the day she was injured while performing nursing duties on its premises, the defendant "exclusively controlled and directed the manner, details, and ultimate result of the plaintiff's work" (*Causewell v Barnes & Noble Bookstores,* 238 AD2d 536 [1997]; *see Thompson v Grumman Aerospace Corp.,* 78 NY2d 553 [1991]; *Vanderwerff v Victoria Home,* 299 AD2d 345 [2002]). In opposition to this prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff was its special employee, and her receipt of workers' compensation benefits from her general employer barred this action against it as her special employer (*see generally Carino v Kenmare Remodeling,* 292 AD2d 555 [2002]; *Hintze v Brookhaven Natl. Lab.,* 278 AD2d 456 [2000]; *Martin v Baldwin Union Free School Dist.,* 271 AD2d 579 [2000]). Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.