■ JOHN SCHRAMM et al., Plaintiffs, v COLD SPRING HARBOR LABORATORY, Respondent-Appellant, and W.T. HICKEY CORP. et al., Appellants-Respondents. [793 NYS2d 530]—

In an action to recover damages for personal injuries, etc., the third-party defendants, W.T. Hickey Corp. and Hickey Electric Co., Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated March 31, 2004, as denied, as premature, that branch of their motion which was to dismiss the causes of action in the third-party complaint seeking common-law indemnification and contribution, and the defendant third-party plaintiff, Cold Spring Harbor Laboratory, cross-appeals, as limited by its brief, from stated portions of the same order.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party plaintiff Cold Spring Harbor Laboratory.

Workers' Compensation Law § 11 provides that "[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an

employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury' " (L 1996, ch 635, § 2). A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]; *Kramer v NAB Constr. Corp.*, 250 AD2d 818 [1998]). The Workers' Compensation Law shields both general and special employers from third-party actions seeking contribution or indemnification (*see Thompson v Grumman Aerospace Corp., supra* at 560). A special employee is described "as one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp., supra* at 557; *see Martin v Baldwin Union Free School Dist.*, 271 AD2d 579, 580 [2000]; *Kramer v NAB Constr. Corp., supra* at 819). A person's categorization as a special employee is usually a question of fact (*see Kramer v NAB Constr. Corp., supra; Singh v Metropolitan Constr. Corp.*, 244 AD2d 328, 329 [1997]; *Fitzgerald v New York City Tr. Auth.*, 243 AD2d 606 [1997]; *cf. Thompson v Grumman Aerospace Corp., supra*).

Many factors are weighed in deciding whether a special employment relationship exists, and generally no single one is decisive (*see Thompson v Grumman Aerospace Corp., supra* at 558). Principal factors include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business (*see Martin v Baldwin Union Free School Dist., supra; Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 788 [1996]; *Leone v Columbia Sussex Corp.*, 203 AD2d 430, 431-432 [1994]; *Cameli v Pace Univ.*, 131 AD2d 419, 420 [1987]). The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work (*see Thompson v Grumman Aerospace Corp., supra; Martin v Baldwin Union Free School Dist., supra; Leone v Columbia Sussex Corp., supra*).

The third-party defendants, W.T. Hickey Corp. (hereinafter W.T. Hickey), and Hickey Electric Co., Inc. (hereinafter Hickey Electric), failed to submit sufficient evidence to establish their entitlement to judgment as a matter of law that the injured plaintiff was the general employee of Hickey Electric and the special employee of W.T. Hickey (*see Kramer v NAB Constr. Corp., supra; Singh v Metropolitan Constr. Corp., supra;*

*Fitzgerald v New York City Tr. Auth., supra; cf. Thompson v Grumman Aerospace Corp., supra* at 557-559).

The cross appeal by the defendant third-party plaintiff Cold Spring Harbor Laboratory (hereinafter CSHL) must be dismissed. Since the order denied the third-party defendants' motion for summary judgment, CSHL is not aggrieved. The contentions CSHL raises in support of its argument that certain findings of the Supreme Court were erroneous can be considered as an alternative ground for affirmance (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545 [1983]; *Caffrey v Morse Diesel Intl.*, 279 AD2d 494 [2001]; *Schadoff v Russ*, 278 AD2d 222 [2000]; *Atlantic Hudson Realty v Rhodes*, 271 AD2d 558 [2000]). However, in light of this Court's determination finding the existence of a triable issue of fact with respect to the injured plaintiff's employer, CSHL's arguments have been rendered academic. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.