SECOND DEPARTMENT, FEBRUARY, 2006

(February 7, 2006)

BIRDINE ACUNTO, Appellant, v STEWART AVENUE GARDENS, LLC, Respondent. (And a Third-Party Action.) [808 NYS2d 782]— In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated August 19, 2005, as (a) held in abeyance her motion to dismiss the fifth through ninth affirmative defenses pending a determination by the Workers' Compensation Board as to whether the plaintiff was an employee of the defendant, and (b) denied that branch of her separate motion which was to disqualify the defendant's attorneys based on the existence of a conflict of interest.

Ordered that the appeal from so much of the order as held in abeyance the plaintiff's motion to dismiss the fifth through ninth affirmative defenses is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The order appealed from did not decide the plaintiff's motion to dismiss the fifth through ninth affirmative defenses, but instead held it in abeyance pending a determination by the Workers' Compensation Board as to whether, under the circumstances of this case, the plaintiff was acting as an employee of the defendant when she was injured (*see Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *Santigate v Linsalata*, 304 AD2d 639, 641 [2003]; *Kayen v Shames Realty*, 298 AD2d 362, 363 [2002]). Accordingly, that part of the order is not appealable as of right (*see* CPLR 5701 [a] [2]; *Housberg v Curtin*, 209 AD2d 670, 671 [1994]; *Abrahamsen v Brockway Glass Co.*, 119 AD2d 612 [1986]), and we decline to grant leave to appeal.

The Supreme Court providently exercised its discretion in

denying that branch of the plaintiff's motion which was to disqualify the defendant's counsel (*see Haberman v City of Long Beach*, 298 AD2d 497, 498-499 [2002]; *Olmoz v Town of Fishkill*, 258 AD2d 447 [1999]). The court correctly determined that the plaintiff did not sufficiently demonstrate the existence of a conflict of interest. Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.