OPINION OF THE COURT
Memorandum.
Order reversed without costs, defendant’s motion for summary judgment granted and complaint dismissed.
This personal injury action arose out of an incident wherein plaintiff, a “patient companion” employed by B & G Registry Inc. and assigned to work at Brookdale Hospital Medical Center, was assaulted by a hospital patient. Defendant, in a motion for summary judgment, sought dismissal of the action on the ground that, as a matter of law, plaintiff was its “special employee” whose exclusive remedy was workers’ compensation, and that the instant action was therefore barred (Workers’ Compensation Law § 29 [6]). The court below, deferring to the primary jurisdiction of the Workers’ Compensation Board, referred the “case” to the Board for its determination regarding plaintiffs status as a special or general employee at the time of the incident, whereupon defendant appealed.
Contrary to plaintiffs contention, the order appealed from is ripe for appellate review and, in our view, is appealable as of *99 right. While it has been held that an order which merely holds a motion in abeyance pending a determination by the Workers’ Compensation Board of whether a plaintiff was an employee of a defendant is not appealable as of right (Acunto v Stewart Ave. Gardens, LLC, 26 AD3d 305 [2006]), we construe the instant order as having finally determined defendant’s motion for summary judgment, implicitly denying it on the ground that triable issues of fact exist and referring the case to the Board for fact-finding and determination of these triable issues. Thus, the order is appealable as of right (see Sklarin v Sklarin, 86 AD2d 606 [1982]; see also Davidson v Sterngass, 279 App Div 875 [1952]). We note, however, that even were we to construe the order as not having finally determined defendant’s motion and rather holding it in abeyance, we would treat the notice of appeal as an application for leave to appeal and grant the application (Acunto v Stewart Ave. Gardens, LLC, 26 AD3d 305 [2006], supra; see e.g. Gunn v Sound Shore Med. Ctr. of Westchester, 5 AD3d 435 [2004]), since we find that the court below erred in referring the issue to the Board.
It is well settled that “a general employee of one employer may also be in the special employ of another, notwithstanding the general employer’s responsibility for payment of wages and for maintaining workers’ compensation and other employee benefits” (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]). A special employee is one who is transferred to the service of another for a limited period of time of whatever duration. General employment is presumed to continue in the absence of clear proof of surrender of control by the general employer and the assumption of control by the special employer (id. at 557).
The issue of whether a person may be categorized as a special employee is generally a question of fact. However, the issue may be decided as a matter of law “where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact” (id. at 558). In the case at bar, while plaintiff was placed in defendant hospital by B & G, a staffing agency, which paid her salary and maintained workers’ compensation coverage for her, defendant, by its submissions, demonstrated that it exclusively controlled and directed “the manner, details and ultimate result of the employee’s work” (id.; see Bailey v Montefiore Med. Ctr., 12 AD3d 545 [2004]; Vanderwerff v Victoria Home, 299 AD2d 345 [2002]; Martin v Baldwin Union Free School Dist., 271 AD2d 579 [2000]). Thus, defendant established its prima facie entitlement to judgment as a matter of law.
*100 In opposition to this showing of prima facie entitlement to judgment as a matter of law, plaintiff failed to raise a triable issue of fact. The fact that B & G screened its employees and provided some training and orientation is of no material importance in deciding the question. There being no issue of fact, the court below should have determined as a matter of law that plaintiff was defendant’s special employee. Accordingly, the order is reversed, defendant’s motion for summary judgment is granted, and the complaint is dismissed.
Pesce, BJ., Weston Patterson and Golia, JJ., concur.