■ EFRAIN MARRERO, Respondent, v AKAM ASSOCIATES LLC, Appellant, et al., Defendant. [834 NYS2d 285]—

In an action to recover damages for personal injuries, the defendant Akam Associates LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 28, 2006, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a doorman and porter in the employ of the defendant 545 Tenants Corp. (hereinafter 545 Tenants), was injured while working at a cooperative apartment building owned by 545 Tenants. He sustained third-degree chemical burns when a chemical he was using to strip the floor came into contact with his legs. The defendant Akam Associates LLC (hereinafter Akam), was the building's managing agent. The plaintiff received workers' compensation benefits from 545 Tenants' insurer. Akam cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was the plaintiff's special employer at the time of the accident, and therefore, the complaint was barred by the exclusivity of the remedy afforded by the award of workers' compensation benefits (Workers' Compensation Law § 29 [6]). The Supreme Court, among other things, denied that branch of the cross motion. We affirm.

A person may be deemed to have more than one employer—a general employer and a special employer—for the purpose of the Workers' Compensation Law (*see Vanderwerff v Victoria Home,* 299 AD2d 345 [2002]; *Stein v Beaver Concrete Breaking Co.,* 281 AD2d 616 [2001]), and a plaintiff may not maintain an action at law against his special employer when he receives workers' compensation benefits from his general employer (*see* Workers' Compensation Law §§ 11, 29 [6]; *Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 560 [1991]; *Vanderwerff v Victoria Home, supra; Hintze v Brookhaven Natl. Lab.,* 278 AD2d 456 [2000]; *Martin v Baldwin Union Free School Dist.,* 271 AD2d 579, 580 [2000]). Whether a person can be categorized as a special employee is often a question of fact (*see e.g. Kramer v NAB Constr. Corp.,* 250 AD2d 818, 819 [1998]; *Singh v Metropolitan Constr. Corp.,* 244 AD2d 328, 329 [1997]; *Fitzgerald v New York City Tr. Auth.,* 243 AD2d 606, 607 [1997]). The key to the determination of whether a special employment relationship exists is who controls and directs the manner, details, and ultimate result of the employee's work (*see Thompson v Grumman Aerospace Corp., supra* at 558; *Martin v Baldwin Union Free School Dist., supra*).

Akam failed to meet its prima facie burden of establishing the defense sufficiently to warrant the court directing judgment in its favor as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Akam's general unsupported allegations that it had the exclusive authority to supervise and control

the building's employees was insufficient to demonstrate that Akam actually controlled and directed the manner, details, and ultimate result of the plaintiff's work (*cf. Thompson v Grumman Aerospace Corp., supra; Martin v Baldwin Union Free School Dist., supra*). The affidavit submitted by an Akam employee contained only general contentions relating to all of the buildings Akam managed and failed to assert any specific facts upon which he based his contentions. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.