Cruz v National Convention Servs., LLC (2021 NY Slip Op 02981)





Cruz v National Convention Servs., LLC


2021 NY Slip Op 02981


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 156230/16 Appeal No. 13816 Case No. 2020-02503 

[*1]David Cruz, Plaintiff-Appellant,
v
National Convention Services, LLC, Defendant-Respondent.


Kuharski Levitz Giovinazzo, Staten Island (Lonny Levitz of counsel), for appellant.
Law Office of Kevin J. Philbin, New York (Jonathan R. Walsh of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 20, 2020, which granted defendant's motion for summary judgment dismissing the complaint as barred by the Workers' Compensation Law, unanimously affirmed, without costs.
Plaintiff sued defendant National Convention Services, LLC (National) to recover damages for injuries he sustained on October 11, 2015 at the Jacob K. Javits Convention Center (Javits Center), in Manhattan. At the time of the accident, plaintiff was employed by the New York Convention Center Operating Corporation (NYCCOC), which operates Javits Center. Plaintiff's theory of liability is that while carpenters Vincent Torres and Anthony Scura were disassembling nonparty Bluefin's booth for National, they negligently placed a beam which fell and struck a ladder, which ladder, in turn, fell and struck plaintiff. It is undisputed that plaintiff was employed by NYCCOC and that Torres and Scura were general employees of NYCCOC. Plaintiff does not claim that Torres and Scura were special employees of Bluefin. Thus, plaintiff's claims against National, which are premised on Torres and Scura's negligence, are barred by the exclusive remedy doctrine of the Workers' Compensation Law unless Torres and Scura were National's special employees (see generally Macchirole v Giamboi, 97 NY2d 147, 149-150 [2001]; Workers' Compensation Law §§ 11, 29[6]; Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 358 [2007], citing Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]).
On the facts presented, the motion court properly determined, as a matter of law, that Torres and Scura were not National's special employees. Although National reimbursed Torres's and Scura's wages and assigned them to work on Bluefin's project, NYCCOC paid Torres and Scura's wages, NYCCOC was responsible for assigning its carpenters like Torres and Scura to clients such as National, National did not supervise or direct Torres and Scura's work on the day of the accident, National did not always have a supervisor on-site during projects at Javits Center, NYCCOC always had foremen on-site at Javits Center, and National left direction and supervision of its clients' projects to those clients (see Bellamy v Columbia Univ., 50 AD3d 160, 163-165 [1st Dept 2008]; see generally Gannon v JWP Forest Elec. Corp., 275 AD2d 231, 232 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021