■ ANN HURLEY et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 80257.) [608 NYS2d 871] —In a claim for damages for, *inter alia,* a de facto taking of real property, the claimants appeal from (1) so much of an order of the Court of Claims (Rossetti, J.), dated June 4, 1991, as dismissed their claim for damages for the tortious denial of a driveway permit, and (2) an order of the same court dated October 24, 1991, which, upon the claimants' default, granted the defendant's motion to dismiss their claim for damages for a de facto taking of real property.

Ordered that the order dated June 4, 1991, is affirmed; and it is further,

Ordered that the appeal from the order dated October 24, 1991, is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

We agree with the Court of Claims that the appellants' claim for damages for the tortious denial of a driveway permit was untimely filed. Thus, it was properly dismissed *(see,* Court of Claims Act § 10 [3], [3-b]).

In addition, the appellants failed to respond to the defendant's motion to dismiss their claim for damages for a de facto taking of real property, and the Court of Claims granted the defendant's motion on default. Since no appeal lies from an order entered on default of the appealing party, the appeal from the order dated October 24, 1991, must be dismissed *(see,*

CPLR 5511; *Matter of Aetna Cas. & Sur. Co. v Serrano,* 181 AD2d 731; *Vasquez v Koret, Inc.,* 151 AD2d 448; *Ghatan v Fraioli & Quigley Moving,* 119 AD2d 800). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.