■ MORTIMER HOUSBERG et al., Respondents, v THOMAS CURTIN et al., Appellants, et al., Defendants. [619 NYS2d 958] — In an action, *inter alia,* to recover damages for fraud, the defendants Thomas Curtin and Laura Curtin appeal from (1) an order of the Supreme Court, Suffolk County (Luciano, J.), dated February 20, 1990, which, *inter alia,* denied their motion to dismiss the complaint for lack of jurisdiction, (2) an order of the same court, also dated February 20, 1990, which, *inter alia,* granted the plaintiffs' motion to hold them in criminal contempt of court, (3) an order of the same court, also dated February 20, 1990, which, *inter alia,* denied the plaintiffs' motion for disclosure, (4) a decision of the same court, dated February 6, 1991, (5) an order of the same court, dated February 6, 1991, which, upon their default in opposing a motion to strike the answer, struck the answer, (6) an order of the same court, dated August 6, 1991, which, *inter alia,* held in abeyance a motion to vacate the order dated February 6, 1991, and (7) an order of the same court, dated January 3, 1992, which, *inter alia,* denied their motion to vacate the order dated February 6, 1991.

Ordered that the appeals from the orders dated February 20, 1990, are dismissed; and it is further,

Ordered that the appeal from the order dated February 6, 1991, is dismissed; and it is further,

Ordered that the appeal from the decision dated February 6, 1991, is dismissed; and it is further,

Ordered that the appeal from the order dated August 6, 1991, is dismissed; and it is further,

Ordered that the order dated January 3, 1992, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeals from the three orders dated February 20, 1990, are dismissed as untimely taken *(see,* CPLR 5513; *Hecht v City of New York,* 60 NY2d 57). The notice of appeal was filed approximately two years after the plaintiffs served notices of entry of these orders. Moreover, the appellants are not aggrieved by the order dated February 20, 1990, which, *inter alia,* denied the plaintiffs' motion for disclosure.

The appeal from the order dated February 6, 1991, is dismissed, as no appeal lies from an order entered upon the default of the appealing party *(see, Hurley v State of New York,* 200 AD2d 715; *Matter of Aetna Cas. & Sur. Co. v Serrano,* 181 AD2d 731; CPLR 5511). In any event, the appeal was untimely taken *(see,* CPLR 5513; *Hecht v City of New York,* 60 NY2d 57, 61, *supra).* The appeal from the decision dated February 6, 1991, is dismissed, as no appeal lies from a decision *(see, Galleria Assocs. v Stevens,* 208 AD2d 590).

The order dated August 6, 1991, is not appealable as of right since the court did not decide the appellants' motion to vacate the February 6, 1991, order but held the matter in abeyance *(see, Matter of Fritsch v Westchester County Dept. of Transp.,* 170 AD2d 602; *Abrahamsen v Brockway Glass Co.,* 119 AD2d 612).

In the order dated January 3, 1992, the Supreme Court denied the appellants' motion to vacate the February 6, 1991, order which granted, upon their default, the plaintiffs' motion to strike their answer due to their failure to comply with discovery demands. We find that the Supreme Court properly exercised its discretion in denying the appellants' motion on the ground that they failed to offer an adequate excuse for their default *(see, e.g., Montauk Automatic v Munhall,* 201 AD2d 710; *Pagones v Maddox,* 199 AD2d 483). Accordingly, we affirm the order dated January 3, 1992. Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.