■ Garry Rosso, Respondent-Appellant, v The Beer Garden, Inc., Doing Business as Roxy, et al., Appellants-Respondents. [784 NYS2d 60]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 3, 2002, which, upon a jury verdict, granted plaintiff an award of compensatory and punitive damages against defendants The Beer Garden, Inc. (doing business as Roxy) (TBG) and Eugene Dinino, based on plaintiff's causes of action for battery and, pursuant to the New York City Human Rights Law, for discrimination on the basis of plaintiff's actual or perceived sexual orientation, unanimously reversed, on the law and in the exercise of discretion, without costs, the complaint dismissed as against defendant Dinino, the cause of action under the New York City Human Rights Law dismissed as against defendant TBG, and the matter remanded for a new trial of the battery cause of action against defendant TBG.

Defendant TBG, a corporation whose sole shareholder was defendant Dinino, operated a nightclub known as the Roxy at 515 West 18th Street in Manhattan. Plaintiff alleges that, while he was a patron at the Roxy on the night of June 17, 1990, he was beaten by an employee of TBG and subjected to anti-gay epithets by the nightclub staff. Defendants deny these allegations. At trial, the court submitted to the jury, for consideration as against both TBG and Dinino, a common-law cause of action for battery and a statutory cause of action, pursuant to the New York City Human Rights Law (Administrative Code of City of NY § 8-502), for discrimination on the basis of actual or perceived sexual orientation. The jury returned a verdict for plaintiff on both causes of action, awarding compensatory and punitive damages. For the reasons discussed below, we now reverse, dismiss the complaint as against Dinino, dismiss the statutory cause of action as against TBG, and remand for a new trial solely as to the battery cause of action against TBG.

The court erroneously submitted the battery claim for the jury's consideration as against Dinino, and erroneously entered judgment against Dinino on that claim. Prior to trial, the court, by a different Justice (Barbara Kapnick, J.), had granted Dinino partial summary judgment dismissing plaintiff's battery cause of action as against him. This ruling, which plaintiff did not appeal, was the law of the case, and the court should have adhered to it at trial (*see Martin v City of Cohoes*, 37 NY2d 162, 165

[1975]). We note that it is undisputed that Dinino was not present at the nightclub when the subject incident occurred, and that the individual who allegedly committed the battery was employed by TBG, the corporate defendant, not by Dinino individually.

The court also erred in submitting the statutory cause of action to the jury for consideration as against either defendant. This is because the events giving rise to plaintiff's claim occurred on June 17, 1990, more than a year before the New York City Human Rights Law went into effect. As we have previously noted, that law "does not provide a private cause of action for aggrieved individuals before its effective date of September 16, 1991" (*Batchelor v NYNEX Telesector Resources Group*, 213 AD2d 189, 190 [1995]). Although defendants failed to preserve this issue, either at trial or by timely motion to set aside the verdict (*see* CPLR 4405), they did raise the issue in their post-trial papers opposing plaintiff's motion for an award of attorney's fees. In any event, we deem the error in the submission of the inapplicable statutory claim to be sufficiently fundamental to warrant the exercise of our power to review an unpreserved issue in the interest of justice (*see e.g. Pivar v Graduate School of Figurative Art*, 290 AD2d 212, 213 [2002]).

Finally, we find it necessary to reverse the judgment as against the remaining defendant (TBG) on the remaining cause of action (battery) due to the erroneous admission into evidence at trial of hearsay evidence of vaguely described prior incidents alleged to have occurred at, or "near," the subject nightclub, some of which were not even shown to have involved persons with any relationship to defendants. Even if the incidents in question did involve TBG employees, it is well established that evidence of a person's acts on any particular occasion is not admissible to show that such person acted in a similar fashion on a different, unrelated occasion (*see Matter of Brandon*, 55 NY2d 206, 210-211 [1982]). We note that the "prior incident" evidence at issue here did not even involve alleged wrongdoing by the individual alleged to have perpetrated the subject assault on plaintiff. We find that the admission of such irrelevant "prior incident" evidence was sufficiently prejudicial to require a new trial.

We have considered the parties' remaining claims for affirmative relief, including plaintiff's arguments on his cross appeal from the judgment, and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.