■ Evan S., Respondent, v Joseph R., Appellant. [894 NYS2d 91]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated June 24, 2008, which held in abeyance his motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and (2), as limited by his brief, from so much of an order of the same court dated September 10, 2008, as, upon reargument and renewal, denied his motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the appeal from the order dated June 24, 2008, is dismissed; and it is further,

Ordered that the order dated September 10, 2008, is reversed insofar as appealed from, on the law, and, upon reargument and renewal, the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The June 24, 2008, order appealed from did not decide the defendant's motion to dismiss, but, instead, held it in abeyance. Accordingly, that order is not appealable as of right (*see* CPLR 5701 [a] [2]; *Acunto v Stewart Ave. Gardens, LLC*, 26 AD3d 305 [2006]; *Housberg v Curtin*, 209 AD2d 670, 671 [1994]; *Matter of Fritsch v Westchester County Dept. of Transp.*, 170 AD2d 602 [1991]), and we decline to grant leave to appeal, as that order was superseded by the order dated September 10, 2008.

Upon reargument and renewal, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. The plaintiff

sought to recover damages for injuries arising from alleged sexual assaults which purportedly occurred in 1995 when he was 10 years old. Pursuant to the toll for infancy (*see* CPLR 208), the applicable one-year statute of limitations (*see* CPLR 215 [3]; *Krioutchkova v Gaad Realty Corp.*, 28 AD3d 427, 428 [2006]; *Tserotas v Greek Orthodox Archdiocese of N. & S. Am.*, 251 AD2d 323, 324 [1998]) began to run in 2003, after the plaintiff turned 18. Accordingly, the statute of limitations expired in 2004, and the plaintiff's commencement of this action in 2008 was untimely (*see McDonald v McDonald*, 193 AD2d 590, 591 [1993]; *Pittelli v Schulman*, 128 AD2d 600, 602 [1987]). Further, the alleged threats made by the defendant at the time of the incidents, and on a subsequent occasion while the parties were in high school, did not rise to the requisite level necessary to equitably estop the defendant from asserting the statute of limitations as a defense to this action brought by the plaintiff approximately five years after he reached the age of majority (*see generally Zumpano v Quinn*, 6 NY3d 666, 674-675 [2006]; *Santo B. v Roman Catholic Archdiocese of N.Y.*, 51 AD3d 956, 957-958 [2008]; *Doe v Holy See [State of Vatican City]*, 17 AD3d 793, 796 [2005]; *Zoe G. v Frederick F.G.*, 208 AD2d 675, 675-676 [1994]; *Doe v Roe*, 5 Misc 3d 1032[A], 2004 NY Slip Op 51667[U] [2004]). Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.