■ Superior Dental Care, P.C., et al., Respondents-Appellants, v Mendel Hoffman, Appellants-Respondents. [915 NYS2d 640]—

In an action, inter alia, to recover damages for breach of a stipulation of settlement, (1) the defendants appeal from a judgment of the Supreme Court, Rockland County (Garvey, J.), entered March 19, 2009, which, upon an amended order of the same court dated August 8, 2008, granting the plaintiffs' motion for leave to enter a default judgment against the defendant Mendel Hoffman upon that defendant's alleged failure to appear or answer the complaint, and upon an inquest on the issue of damages, is in favor of the plaintiffs and against the defendant Mendel Hoffman in the total sum of $427,412.30, and (2) the defendant Mendel Hoffman appeals, as limited by the brief, from so much of an order of the same court (Sproat, J.), dated October 2, 2009, as held in abeyance, pending hearing and determination of the appeal from the judgment, his motion pursuant to CPLR 5015 (a) (3) or, in the alternative, pursuant to CPLR 5015 (a) (1) and (2), to vacate the amended order dated August 8, 2008, and the judgment, and to dismiss the complaint insofar as asserted against him, and the plaintiffs cross-appeal from so much of the order dated October 2, 2009, as continued a stay of enforcement of the judgment.

Ordered that the appeal by the defendant Hudson Valley Regional Diagnostic Medical Center, Inc., also known as Monsey Family Medical Center, from the judgment is dismissed, as it is not aggrieved by the judgment (see CPLR 5511); and it is further,

Ordered that the appeal by the defendant Mendel Hoffman from the judgment is dismissed, as no appeal lies from a judgment insofar as it is entered upon the default of the appealing party (see CPLR 5511); and it is further,

Ordered that on the Court's own motion, the notices of appeal and cross appeal from the order dated October 2, 2009, are treated as applications for leave to appeal and cross-appeal respectively, and leave to appeal and cross-appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated October 2, 2009, is reversed insofar as appealed from, on the law and in the exercise of discretion, and the matter is remitted to the Supreme Court, Rockland County, for a determination of the motion on the merits; and it is further,

Ordered that the order dated October 2, 2009, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Mendel Hoffman.

The defendant Mendel Hoffman moved pursuant to CPLR

5015 (a) (3) or, in the alternative, pursuant to CPLR 5015 (a) (1) and (2), to vacate an amended order dated August 8, 2008, which granted the plaintiffs' motion for leave to enter a default judgment against him based on his alleged failure to answer or appear in the action, and to vacate a judgment entered against him after an inquest on the issue of damages. In an order dated October 2, 2009, the Supreme Court held Hoffman's motion in abeyance pending hearing and determination of the appeal from the judgment and continued a stay of enforcement of the judgment previously granted. Although the portions of the order dated October 2, 2009, which held Hoffman's motion in abeyance and continued the stay of enforcement of the judgment, are not appealable as of right (*see* CPLR 5701 [a] [2]; *Evan S. v Joseph R.*, 70 AD3d 668 [2010]), under the circumstances, we treat Hoffman's notice of appeal as an application for leave to appeal from that order and the plaintiffs' notice of cross appeal as an application for leave to cross-appeal, and we grant leave to appeal and cross-appeal (*see e.g. Matter of Plovnick v Klinger*, 10 AD3d 84, 85 [2004]; *cf. Evan S. v Joseph R.*, 70 AD3d at 668; *Lambert v Schreiber*, 69 AD3d 906 [2010]).

The Supreme Court erred in holding Hoffman's motion in abeyance pending the appeal from the judgment, since the issue of whether Hoffman was properly found to be in default cannot be reached on the appeal from the judgment (*see* CPLR 5511; *Morales v Perfect Dental, P.C.*, 73 AD3d 877, 878 [2010]). Under these circumstances, we remit the matter to the Supreme Court, Rockland County, for an immediate determination of Hoffman's motion on the merits.

Upon remittitur, in determining whether to grant that branch of Hoffman's motion which was pursuant to CPLR 5015 (a) (3) to vacate the amended order dated August 8, 2008, and the resulting judgment, the Supreme Court "must determine whether the motion [for leave to enter a default judgment] was supported with enough facts to enable [the] court to determine that a viable cause of action exists," as "[t]here is no mandatory ministerial duty to enter a default judgment against a defaulting party" (*McGee v Dunn*, 75 AD3d 624, 624 [2010] [internal quotation marks omitted]). Here, the representations of the plaintiffs' attorney made to the Supreme Court regarding Hoffman's failure to appear in the action and his personal liability in the instant matter influenced the court in finding Hoffman in default and to thereupon enter a judgment against him. Contrary to the plaintiffs' representations, Hoffman answered the complaint and appeared in the action. Moreover, he was not a party to the stipulation of settlement that the

plaintiffs sought to enforce in this action (*Richardson v Richardson*, 309 AD2d 795, 796 [2003]). Accordingly, Hoffman timely moved to vacate the judgment, and the Supreme Court should have determined the motion on the merits.

The parties' remaining contentions are without merit or have been rendered academic. Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.