■ ZALINA MOHAMMED, Appellant, v COMMAND SECURITY CORP. et al., Respondents. [921 NYS2d 252]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered April 14, 2010, following a jury verdict in favor of defendants, dismissing the complaint, unanimously affirmed, without costs.

The Supreme Court properly denied plaintiff's eve-of-trial motion to strike the answer, which plaintiff sought, inter alia, as a sanction for an alleged spoliation of evidence. Plaintiff failed to make the requisite showing that defendants purposely lost or destroyed evidence, knowing that it was needed in order to establish plaintiff's cause of action (*see Burch v New York City Hous. Auth.*, 72 AD3d 551 [2010]; *Scordo v Costco Wholesale Corp.*, 77 AD3d 725 [2010]).

Plaintiff's claim that the Supreme Court erred by not ruling on a motion for leave to amend the pleadings in order to assert a claim for punitive damages is unsupported by the record on appeal, which shows that the court held the motion in abeyance. As such, the court's handling of the motion for leave to amend is not appealable as of right (*see Evan S. v Joseph R.*, 70 AD3d 668 [2010]; *Housberg v Curtin*, 209 AD2d 670, 671 [1994]), and we decline to address it. Were we to address the issue, we would find any error associated with the Supreme Court's disposition of plaintiff's request for leave to amend to be harmless, as "it failed to prejudice [plaintiff's] presentation of [her] case at trial" (*Gallagher's Stud v Fishman*, 156 AD2d 50, 55 [1990]). Supreme Court providently exercised its discretion by bifurcating the issues of liability and damages. At trial, plaintiff was able to testify about her state of mind and the nature of the accident, and the extent of her injuries "were neither probative of how the incident occurred nor so intertwined with the damages as to require a unified trial" (*Watanabe v Sherpa*, 44 AD3d 519, 519 [2007]; *see Fetterman v Evans*, 204 AD2d 888 [1994]).

Plaintiff failed to preserve for appellate review her contentions regarding the trial judge's conduct (*see American Prop. Consultants v Zamias Servs.*; 294 AD2d 217 [2002], *lv denied* 99 NY2d 504 [2003]), and we decline to reach them. Were we to review the claims, we would find that, although some of the trial court's comments may have been intemperate, plaintiff was not deprived of a fair trial.

Supreme Court properly excluded evidence that defendant Command Security Corporation had previously been accused of negligent acts (*see Rosso v Beer Garden, Inc.*, 12 AD3d 152, 154 [2004]). The court also properly excluded from evidence an incident report created by an unknown person who did not witness the alleged accident, and which contained the self-serving hearsay statements of plaintiff's daughter as to the ultimate issue of fact, i.e., whether defendants' negligence proximately cause injury (*see Fay v Vargas*, 67 AD3d 568 [2009]; *Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [2003], *lv dismissed in part and denied in part* 100 NY2d 636 [2003]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.