■ Great Northern Insurance Company, as Subrogee of Aby Rosen, Respondent, v Estelle Irrigation Corp. et al., Appellants, et al., Defendant. 5 East 80th St. LLC, Respondent, v The Window Box MG Ltd. et al., Appellants and Third-Party Plaintiff-Appellant. Tri-Star Construction LLC, Third-Party Defendant-Respondent. [1 NYS3d 52]—Orders, Supreme Court, New York County (Jeffrey K. Oing, J.), entered August 30, 2013, which, to the extent appealed from, denied defendants Estelle Irrigation Corp.'s and The Window Box MG Ltd.'s motions for summary judgment dismissing the complaint as against them, and granted third-party defendant Tri-Star Construction LLC's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant Estelle's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

There is no evidence of a written or oral contract that required Estelle to maintain, and thus winterize, plaintiffs' garden irrigation system. Nor is there evidence that Estelle, an "on call" irrigation company, assumed a duty to maintain the system (*see Heard v City of New York*, 82 NY2d 66, 72 [1993]).

Window Box failed to show that plaintiffs lost or destroyed key evidence (*see Mohammed v Command Sec. Corp.*, 83 AD3d 605 [1st Dept 2011], *lv denied* 17 NY3d 708 [2011]). All the parties had access to the property, and there is no evidence as to who disposed of the cracked component of the irrigation system.

Window Box's argument that it is entitled to contribution from Tri-Star because the latter's insufficient plastering or insulation contributed to the damage to the property is unpreserved for our review (*see Stryker v Stelmak*, 69 AD3d 454 [1st Dept 2010]). Concur—Sweeny, J.P., Andrias, Moskowitz, Richter and Clark, JJ.