Thomas v State of New York (2019 NY Slip Op 05176)





Thomas v State of New York


2019 NY Slip Op 05176


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-05103

[*1]Milton Thomas, appellant, 
v
State of New York, respondent. (Claim No. 128510)


Milton Thomas, Brooklyn, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Mark H. Shawhan of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for emotional and psychological injuries, the claimant appeals from an order of the Court of Claims (David Weinstein, J.), dated February 9, 2017. The order granted the defendant's unopposed motion pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction.
ORDERED that the appeal is dismissed, without costs or disbursements.
The claimant, a wheelchair-bound patient at Kingsboro Psychiatric Center in Brooklyn, alleges that, on May 31, 2016, he was left unattended in an elevator with a dangerous and violent patient. More than 90 days later, on September 12, 2016, the claimant filed a claim with the clerk of the Court of Claims seeking to recover damages from the State of New York for emotional and psychological injuries he alleges he sustained as a result of the incident. The Attorney General was served with the claim on September 15, 2016. The State thereafter moved pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction on the basis that the claimant failed to file and serve the claim within 90 days of accrual of the claim pursuant to Court of Claims Act §§ 10(3) and 11(a)(i), respectively. The claimant did not oppose the State's motion. By order dated February 9, 2017, the Court of Claims granted the State's motion and directed dismissal of the claim. The claimant appeals.
Since no appeal lies from an order entered on default of the appealing party, the appeal must be dismissed (see CPLR 5511; Hurly v State of New York , 200 AD2d 715, 715).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court