Jones v New York & Presbyt. Hosp. (2020 NY Slip Op 07499)





Jones v New York & Presbyt. Hosp.


2020 NY Slip Op 07499


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 20823/18E Appeal No. 12657 Case No. 2019-04135 

[*1]Dana Jones, Plaintiff-Appellant,
v
The New York & Presbyterian Hospital, Defendant-Respondent.


Law Offices of Jeffrey K. Levine, New York (Jeffrey K. Levine of counsel), for appellant.
Cullen & Dykman, LLP, New York (Adam C. Del Vecchio of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 20, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his claim pursuant to Labor Law § 241(6), an order striking defendant's answer for purported discovery violations and spoliation, and for an order of contempt against a nonparty witness, unanimously affirmed, without costs.
The court correctly found that questions of fact exist such that summary resolution of plaintiff's Labor Law § 241(6) claim in his favor is unwarranted. There are issues as to whether the location of plaintiff's accident is the type contemplated by Industrial Code §23-1.7(e)(1) and whether the object alleged to have caused the accident was an integral part of the work (see Krzyzanowski v City of New York, 179 AD3d 479 [1st Dept 2020]; see also 12 NYCRR 23-1.7[e][1], [2]).
Plaintiff's motion seeking spoliation sanctions against defendant concerning alleged surveillance tapes was also properly denied in that plaintiff failed to establish that they existed, and if so, why they are no longer available (see Mohammed v Command Sec. Corp., 83 AD3d 605 [1st Dept 2011], lv denied 17 NY3d 708 [2011]). Nor were discovery sanctions warranted, as defendant was not in violation of any court order (see McGilvery v New York City Tr. Auth., 213 AD2d 322, 324 [1st Dept 1995]).
The motion court correctly denied that portion of plaintiff's motion seeking contempt sanctions against a nonparty (see Judiciary Law § 756; Matter of Estate of Devine, 126 AD2d 491, 495 [1st Dept 1987]). In any event, since the basis for those contempt claims are the nonparty's purported failure to respond to a subpoena, and the subpoena was quashed, any failure to respond is moot. Moreover, since the subpoena was quashed by a stipulation resolving the motion, that determination is unappealable (see Yuen Lin Lee v Kwok Wai Lee, 68 AD3d 421 [1st Dept 2009]). Furthermore, plaintiff did not appeal that determination, but appeals from the denial of a motion to reargue that stipulation, denoted as one for renewal and reargument, from which there is no appeal (see Smith v Pereira, 176 AD3d 491 [1st Dept 2019]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020