Horn v Nestor (2023 NY Slip Op 00633)

Horn v Nestor

2023 NY Slip Op 00633

Decided on February 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 07, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Index No. 810002/13 Appeal No. 17253 Case No. 2022-04462 

[*1]Steven Horn, Plaintiff-Respondent,
v
Marianne Nestor, Defendant-Appellant, New York City Parking Violations Bureau et al., Defendants.

Marc Wohlgemuth & Associates, P.C., Monsey (Jeremy M. Doberman of counsel), for appellant and Marianne Nestor, appellant pro se.
Tarter Krinsky & Drogin LLP, New York (Robert A. Wolf of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Francis A. Kahn, III, J.), entered May 12, 2022, which, to the extent appealed from as limited by the briefs, confirmed the Referee's report calculating amounts owed and granted plaintiff's motion for a judgment of foreclosure and sale, unanimously affirmed, without costs.
Supreme Court correctly confirmed the Referee's report. Although defendant asserts that the total accrued interest on the mortgage is excessive in view of the principal owed, she does not contest any particulars of the Referee's or plaintiff's calculations, which are well supported by the record (see Busche v Grover, 180 AD3d 559, 559-560 [1st Dept 2020]). Furthermore, while defendant contends that plaintiff delayed in filing his motion in order to inflate the interest payments, she has furnished no evidence of this contention, and the record presents ample support for plaintiff's explanations of the delays.
As for defendant's argument that her loan was a "home loan" as defined by Real Property Actions and Proceedings Law § 1304, and thus that she was entitled to a mandatory settlement conference under CPLR 3408, she did not appeal Supreme Court's earlier order granting summary judgment, which found that she had waived her right to raise the defense that the home was her residence, and that ruling was therefore law of the case (see Rosso v Beer Garden, Inc., 12 AD3d 152, 153-154 [1st Dept 2004]). In any event, defendant certified in an estoppel certificate that the premises were for commercial purposes only.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 7, 2023