Longevity Med. Supply, Inc. v Travelers Indem. Co. (2022 NY Slip Op
50582(U))

[*1]

Longevity Med. Supply, Inc. v Travelers Indem. Co.

2022 NY Slip Op 50582(U) [75 Misc 3d 138(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-453 K C

Longevity Medical Supply, Inc., as
Assignee of Andre Taylor, Appellant, 
against
Travelers Indemnity Co., Respondent. 

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Law Offices of Tina Newsome-Lee (Kalman Miller and William Angstreich of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rupert V.
Barry, J.), dated February 4, 2020. The order held defendant's motion for summary judgment
dismissing the complaint and plaintiff's cross motion for summary judgment in abeyance pending
an application by plaintiff to the Workers' Compensation Board to determine the parties' rights
under the Workers' Compensation Law.

ORDERED that the appeal is dismissed.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint based upon plaintiff's assignor's alleged
eligibility for workers' compensation benefits and plaintiff cross- moved for summary judgment.
The Civil Court held the motions in abeyance pending an application by plaintiff to the Workers'
Compensation Board to determine the parties' rights under the Workers' Compensation Law.
Plaintiff appeals.
The order appealed from did not decide defendant's or plaintiff's motions but instead held the
motions in abeyance pending plaintiff seeking a determination from the Workers' Compensation
Board as to whether plaintiff's assignor had been acting in the course of his employment at the
time of the accident and whether, therefore, workers' compensation benefits might be available
(see O'Rourke v Long, 41 NY2d 219, 225 [1976]). Thus, the order is not appealable as of
right (see CCA 1702 [a] [2]; Acunto v Stewart Ave. Gardens, LLC, 26 AD3d 305 [2006]; Daily Med. Equip. Distrib. Ctr., Inc. v
Global Liberty Ins., 58 Misc 3d 127[A], 2017 NY Slip Op 51710[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2017]) and, under the circumstances, we decline to grant
leave to appeal.
Accordingly, the appeal is dismissed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022